IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN EDWARD HONESTY, III, #284-917     *

                v.        *  CIVIL ACTION NO. RWT-09-3451

WARDEN                         *

### MEMORANDUM

Respondent moves to dismiss John Edward Honesty's application for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d). Paper No. 5. After reviewing these papers,[1] the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Court shall dismiss the Petition with prejudice as time-barred.

### Procedural History

John Edward Honesty attacks his January 30, 2002, guilty plea in the Circuit Court for Washington County for second-degree assault on a correctional employee, for which he received a five-year sentence.[2]  Document 5, Exhibit 1; see also Maryland Judiciary Case Search, http://casesearch/courts/state/md/is/inquiry. Maryland law mandates that those convicted and sentenced for such assault serve the sentence consecutively to any sentence being served at the time of the assault. See Md. Code Ann., Art. 27, § 12A-6(b). At the time of sentencing, Honesty was serving a twenty-year sentence imposed May 14, 1999, following a guilty plea to armed car-

---

[1] Honesty was provided an opportunity to address whether equitable tolling applies, but has chosen not to respond.

[2] Honesty is confined to the mental health unit at Patuxent Institution,. At the time he filed his Petition, he contended that he had received a fifteen-year sentence for first-degree assault, and that the conviction and sentence were imposed even though he had never appeared in court for adjudication of the crime. Petition at 1. At the time he was arrested for car-jacking, Honest, born October 7, 1980, was a juvenile. The Court notes that another individual known as John Edward Honesty was convicted of a handgun violation. That individual, however, was born in 1953, and sentencing was abated due to the individual's death. A review of Maryland judiciary records does not support Honesty's claim that he was not present at the taking of the guilty plea involving assault on the DOC employee.

jacking. Honesty did not appeal his assault conviction, which became final on March 1, 2002.

See Md. Code Ann., Ct& Jud. Proc. § 12-401 (2002) (notice of appeal from District Court

decision to be filed within thirty days of final judgment). Honesty has not sought post-

conviction relief on the 2002 conviction and sentence. His Petition, signed December 20, 2009,

was received here for filing on December 22, 2009. The Petition shall be deemed filed on

December 20, 2009, pursuant to the "prison mailbox rule." See United States v. Dorsey, 988

F.Supp. 917, 919-20 (D. Md. 1998).

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d).[3]

This one-year period is tolled while properly filed post-conviction proceedings are pending, and

may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d

325, 328 (4th Cir. 2000). In order to be entitled to equitable tolling, Honesty must establish that

---

[3]This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of-
>
>> (A)    the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for seeking
>> such review;
>> (B)    the date on which the impediment to filing an application
>> created by State action in violation of the constitution or laws of the
>> United States is removed, if the applicant was prevented from filing by
>> such State action;
>>
>> (C)    the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively applicable to
>> cases on collateral review; or
>>
>> (D)    the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
>
> (2)    the time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under this
> subsection.

either some wrongful conduct by Respondent contributed to the delay in filing the Petition, or that circumstances that were beyond his control caused the delay. See Rouse v. Lee, 339 F. 3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Nothing in the record suggests that some extraordinary circumstance prevented Honesty from promptly seeking state post-conviction relief or from handing his habeas corpus petition to prison officials for mailing on the final day within the one-year limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse, 339 F.3d at 246. To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Honesty has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and the Petition is time-barred. For the reasons stated herein, the Court will deny and dismiss the Petition. A certificate of appealability will not issue because Honesty has not made a "substantial showing of the denial of a constitutional right."[4] A separate order follows.

October 1, 2010                                      _____/s/_____
Date                                                              ROGER W. TITUS
                                                                UNITED STATES DISTRICT JUDGE

---

[4] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " Rose v. Lee, 252 F.3d 676, 684 (4th Cir.) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).